# Goldfinch Winslow

**Attorneys and Counselors at Law**

11943 Grandhaven Drive
Suite A-2
P.O. Box 829
Murrells Inlet, SC 29576

www.goldfinchwinslow.com
www.facebook.com/goldfinchwinslow

Phone (843) 357-9301
Fax (843) 357-9303

Stephen L. Goldfinch
Thomas W. Winslow
Ryan P. Compton
Jessica S. Benson
David J. Baker
Carla F. Todd
Allie D. Argoe
M. Nicole Gattis

August 20, 2019

SIRVA, Inc.   Certified Return Receipt 70180680000113349032
f/k/a Allied Worldwide, Inc.
1 Parkview Plaza
Oakbrook Terrace, Illinois  60181-4400

    Re:  Yvonne Mitchell vs. LT Claims & Restoration Services, LT Transit Claims Service, Inc. SIRVA, Inc., f/k/a Allied Worldwide, Inc. and Allied Van; Horry County File Number:  2019-CP-26-05315

Dear Administrator :

    Enclosed for service upon you please find Plaintiff's Amended Summons and Complaint filed today with regard to the above-captioned matter.  If you have legal representation, please see that your attorney gets these documents.  If you do not have legal representation you may call our office.

    We look forward to working with you to amicably resolve this matter.  With kind regards, I remain

Goldfinch Winslow, LLC

Kelly Watson Packer
State Bar Certified Paralegal
FR-Licensed Investigator
Thomas W. Winslow, Esq.

/kwp
Enclosures

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>)<br>COUNTY OF HORRY )<br>)<br>Yvonne Mitchell, )<br>)<br>          Plaintiff, )<br>)<br>v. )<br>)<br>LT Claims & Restoration Services, LT )<br>Transit Claims Service, Inc. )<br>SIRVA Inc. )<br>f/k/a )<br>Allied Worldwide, Inc. and )<br>Allied Van, )<br>          Defendants. )<br>_____ ) | IN THE CIRCUIT COURT<br>FIFTEENTH JUDICIAL DISTRICT<br><br>Civil Action No.: 2019CP2605315<br><br>**AMENDED SUMMONS**<br>**(Jury Trial Requested)** |

TO:    THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is hereby served upon you, and to serve a copy of your answer to this Complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to timely answer the Complaint, judgment by default or otherwise will be rendered against you for the relief demanded in the Complaint.

GOLDFINCH WINSLOW, LLC

By: *Thomas W. Winslow, Esq.*
Thomas W. Winslow, Esq.
(Bar #73584)
11943 Grandhaven Dr., Ste. A-2
PO Box 829
Murrells Inlet, SC 29576
Telephone:    (843) 357-9301
Facsimile:    (843) 357-9303
tom@goldfinchwinslow.com

August 20, 2019
Murrells Inlet, South Carolina

Attorneys for Plaintiff

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE CIRCUIT COURT |
| ) | FIFTEENTH JUDICIAL DISTRICT |
| COUNTY OF HORRY ) | |
| ) | Civil Action No.: 2019CP2605315 |
| Yvonne Mitchell, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | **(Jury Trial Requested)** |
| v. ) | |
| ) | |
| LT Claims & Restoration Services, LT ) | |
| Transit Claims Service, Inc. ) | |
| SIRVA Inc. ) | |
| f/k/a ) | |
| Allied Worldwide, Inc. and ) | |
| Allied Van, ) | |
| Defendants. ) | |

TO:   THE ABOVE-NAMED DEFENDANTS:

Plaintiff Yvonne Mitchell, complaining of the Defendants LT Claims & Restoration Services, Allied Insurance Company, and SIVA Worldwide Relocation and Moving, alleges and shows unto this Honorable Court:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a resident and citizen of Horry County, State of South Carolina.

2. Yvonne Mitchell is a citizen and resident of Horry County, South Carolina.

3. Upon information and belief, LT Claims & Restoration Services is a business with its primary address located in Murrells Inlet, SC that operates throughout the United States, including, but not limited to Horry County, South Carolina.

4. Upon information and belief LT Transit Claims Service, Inc. is a business with its primary address located in Murrells Inlet, SC that operates throughout the United States, including, but not limited to Horry County, South Carolina.

2

5. Upon information and belief, SIRVA, Inc. f/k/a Allied Worldwide, Inc. is a business headquartered in Oakbrook Terrace, Illinois that operates throughout the United States, including, but not limited to Horry County, South Carolina.

6. Upon Information and belief, Allied Van is a business headquartered in Hayward, California, that operates throughout the United States, including, but not limited to Horry County, South Carolina.

7. At all times relevant hereto, all the events complained of herein occurred in Horry County, State of South Carolina, and venue in this Court is proper.

8. Upon information and belief, this Honorable Court has subject matter jurisdiction over the issues set forth in this case and personal jurisdiction over the parties as the amount in question is less than $75,000.00.

9. Venue is appropriate in this Honorable Court pursuant to S.C. Code Ann. § 22-3-10.

## FACTS

1. Plaintiff incorporates the above allegations by reference.

2. On or about May 1, 2017, the Plaintiff agreed to pay $5,809.82 to have her items moved by the Defendants from Virginia to Myrtle Beach, South Carolina

3. Within the $5,809.82 paid by the Plaintiff to the Defendant; the Plaintiff paid $539.00 to have $60,000.00 in "Extra Care Protection" Insurance provided.

4. Ms. Mitchell's items where picked up on or about May 18, 2017 and delivered on or about May 30, 2017.

5. Upon delivery and unpacking, a number of items were damaged and needed repair.

6. The Defendant sent a repairman, LT Claims & Restoration Services, but the repairs were not proper and acceptable.

7. The Plaintiff's assets and personal belongings have still not been repaired or compensated for, as the total of damage equals $16,650.00.

### FIRST CAUSE OF ACTION
(Breach of Contract)

8. Plaintiff incorporates the above allegations by reference.

9. On May 1, 2017, Plaintiff and Defendants entered into an Agreement in which the Plaintiff agreed to pay $5,809.82 toward the moving of a home at 3809 Chapman Drive, Fredericksburg, VA 22407, including $60,000 in "Extra Care Protection."

10. The Defendants have refused to provide the coverage purchased by the Plaintiff.

11. The Defendants have failed to repair and or compensate for damage caused during the move of said items.

12. The Defendants are therefore in breach of the Agreement.

13. Ms. Mitchell suffered damages as a direct and proximate result of the Defendant's breach of contract.

### SECOND CAUSE OF ACTION
(Fraud and Misrepresentation)

14. Plaintiff incorporates the above allegations by reference.

15. The Defendants repeatedly represented to the Plaintiff that the Plaintiff was protected under the "extra care protection".

16. The Defendants have taken the Plaintiff's money and failed to provide the service or compensation.

17. All representations were false.

4

18. These representations were material to Ms. Mitchell's decision to purchase the moving services.

19. The Defendants knew of the falsity of these representations.

20. The Defendants made these representations with the intent that the Plaintiff would act upon them.

21. The representations were specifically made to determine what exact course of having the Plaintiff purchase the Defendants services and she had a right to rely upon their representations.

22. As a consequence of the reliance, the Defendant has refused to abide by the terms of the Agreement and Ms. Mitchell has suffered consequent and proximate injury therefrom.

### THIRD CAUSE OF ACTION
(Breach of Contract Accompanied by Fraudulent Act)

23. Plaintiff incorporates the above allegations by reference.

24. Defendants breached the Agreement in the above stated particulars.

25. Upon information and belief, the Defendants knew prior to the purchase the Plaintiff would act upon their actions.

26. Despite this, they failed to disclose the fact that she would not be treated and credited as indicated under the "Extra Care Protection".

27. The Defendants are now refusing to compensate Ms. Mitchell for her property and monetary investment.

28. Ms. Mitchell has suffered damage as a direct result of this fraudulent act accompanying the breach of contract.

## FOURTH CAUSE OF ACTION
### (Negligence)

29. Plaintiff incorporates the above allegations by reference.

30. As an owner, the Defendants, owed a duty to ensure that they properly recognized Ms. Mitchell's purchases under the contract.

31. The Defendant owed a duty to protect that purchase and to provide the service so indicated and has failed to do so.

32. The Defendants breached their duty to Ms. Mitchell in failing to properly provide the "Extra Care Protection" as promised.

33. The defendants further failed to provide the proper repairs they promised to provide in the work of the poor repairs attempted.

34. Ms. Mitchell suffered damages as a direct and proximate result of the Defendant's negligence.

## FIFTH CAUSE OF ACTION
### (Negligent Misrepresentation)

35. Plaintiff incorporates the above allegations by reference.

36. Defendant made false representations to Ms. Mitchell and is continuously representing that the Plaintiff has no ownership interest.

37. Ms. Mitchell repeatedly pointed out that this was a component in their agreement without recognition.

38. The Defendant has a pecuniary interest in Ms. Mitchell providing funds for the contract and purchasing the "Extra Care Protection".

39. Defendant owed a duty of care to Ms. Mitchell to provide truthful and accurate information.

ELECTRONICALLY FILED - 2019 Aug 20 10:22 AM - HORRY - COMMON PLEAS - CASE#2019CP2605315

40. Defendant breached its duty of care to Ms. Mitchell.

41. Ms. Mitchell justifiably relied upon the Defendant's representations when determining whether or not to contribute funds to purchase the "Extra Care Protection".

42. Ms. Mitchell suffered damage as a direct result of the Defendant's negligent misrepresentation of the "protection".

43. Mr. Mitchell suffered a pecuniary loss as a direct and proximate result of reliance on Defendant's misrepresentations.

WHEREFORE, the Plaintiff prays as follows: (a) that the Plaintiff recovers a judgment against the Defendant in an amount sufficient to compensate for Plaintiff's damages as described above; (b) for specific performance against the Defendant; (c) that Plaintiff recovers all attorney's fees and costs associated with this action; and (d) that Plaintiff recovers such other relief as the court may deem just and proper.

(SIGNATURE PAGE TO FOLLOW)

Respectfully submitted,

GOLDFINCH WINSLOW, LLC

By: __s/Thomas W. Winslow, Esq.__
Thomas W. Winslow, Esq.
(Bar # 73584)
11943 Grandhaven Dr., Ste. A-2
PO Box 829
Murrells Inlet, SC 29576
Telephone:   (843) 357-9301
Facsimile:   (843) 357-9303
tom@goldfinchwinslow.com

August 20, 2019
Murrells Inlet, South Carolina

Attorneys for Plaintiff

7



Goldfinch Winslow
11943 Grandhaven Drive, A-2
Murrells Inlet, SC 29576

7018 0680 0001 1334 9032

SIRVA, Inc.
f/k/a Allied Worldwide, Inc.
1 Parkview Plaza
Oakbrook Terrace, Illinois 60181-4400

60181-4492003